MUNN HOTEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13819.   Promulgated November 12, 1928.

*Wilbur Bassett, Esq.*, and *Bruce Boggs, C. P. A.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

94

*OPINION.*

MARQUETTE: The pleadings in this proceeding raise three issues which will be discussed and disposed of in the order in which they are stated above. The first is whether the respondent erred in reducing the petitioner's invested capital for the year 1921 on account of 1920 income and profits taxes, prorated to the dates they were due and payable. On this issue our decision must be in favor of the respondent. *Section 1207, Revenue Act of 1926; Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

Relative to the second issue, the evidence shows that on January 1, 1921, the petitioner had earned surplus of $1,333.46, that its net earnings for 1921 were $7,861.35, and that it paid dividends during that year in the amount of $7,400, of which $1,300 were paid during the first 60 days of the year. Section 201 (f) of the Revenue Act of 1921, which is applicable here, provides:

(f) Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings or profits accumulated between the close of the preceding taxable year and the date of distribution, to the extent of such earnings or profits, and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.

The record clearly discloses that the petitioner had at the time the first four dividends were paid in January and February, 1921, earnings accumulated during the preceding taxable year sufficient for that purpose. It therefore follows that those dividends must be deemed to have been paid from such accumulated earnings of prior years, even though there were current earnings available, and that invested capital for 1921 should be accordingly reduced. As to the dividends paid in the months of March to December, inclusive, the record shows that they were in an amount less than the petitioner's net earnings or profits for 1921. But no evidence was presented to show the amount of such earnings or profit at any given date, and we must therefore assume that they were accumulated ratably over the year, and the dividends will be deemed to have been paid therefrom to the extent of the accumulations, thus assumed, at the several dividend dates.

The only other issue is as to the value of the land and building that were conveyed to the petitioner in exchange for its capital stock.

We find that value to be $100,000, of which $75,000 should be allocated to the land and $25,000 to the building. These values are clearly established by the testimony of witnesses who are familiar with this property and with other property in the vicinity and are qualified to judge of the values thereof. We hold that the petitioner is entitled to include the property in question in its invested capital for 1921 at the amount of $100,000 with proper adjustments for depreciation of the buildings.

*Judgment will be entered under Rule 50.*